Juan Declet, recurrente, *v.* Comisión Industrial de Puerto Rico, Etc., demandada; y Guillermo Atiles Moreu, Administrador del Fondo del Seguro del Estado, y el patrono Bayamón Truck Service, Inc., recurridos.

Núm. 290.—*Sometido:* Enero 17, 1944. *Resuelto:* Enero 31, 1944.

*Virgilio Brunet* y *H. Ramos Mimoso,* abogados del recurrente; *Angel de Jesús Matos, Joaquina Pérez Cordero* y *Joaquín Correa Suárez,* abogados del Administrador del Fondo del Seguro del Estado, recurrido.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

El obrero Emiliano Santos Fred, acudió ante la Comisión Industrial alegando que mientras trabajaba para el patrono no asegurado Juan Declet le ocurrió un accidente. En estos casos de acuerdo con el artículo 15 enmendado de la ley (Ley 162 de 1943, pág. 555) la Comisión tiene jurisdicción original para investigar y resolver el caso. Al citarse al alegado patrono para la vista correspondiente radicó una

moción alegando que el patrono del obrero lo era la Bayamón Truck Serivce, Inc., patrono asegurado con el Fondo del Seguro del Estado y solicitó que la Comisión citara a dicho patrono y al Administrador del Fondo para que comparecieran a dicha vista y que la misma tuviera por objeto "exclusivamente determinar quién era el verdadero patrono" del obrero y resuelta esta cuestión "que el caso siga el procedimiento corriente".

Tanto la Bayamón Truck Service, Inc., como el Administrador del Fondo se opusieron a que la Comisión entrara a considerar la cuestión planteada, alegando que la Comisión carecía de jurisdicción para hacerlo de acuerdo con la ley. La Comisión dictó una resolución denegando la moción del patrono Juan Declet y solicitada la reconsideración también fué denegada. El patrono estableció entonces el presente recurso de revisión.

██ Sostiene el Fondo del Seguro del Estado que si la Comisión resuelve que Juan Declet no es el patrono del obrero y sí lo es la Bayamón Truck Service, Inc., entonces el obrero debe iniciar de nuevo su caso ante el Fondo, pero que mientras esto no se haga la Comisión no tiene jurisdicción original para obligar al Fondo a asumir responsabilidad en el caso.

El artículo 15 de la ley, según enmendado, dispone en lo pertinente, que:

"Si cualquier patrono que emplee tres (3) o más obreros o empleados dejare de asegurar el pago de compensaciones por accidentes del trabajo de acuerdo con esta Ley, cualquier obrero o empleado perjudicado o sus beneficiarios pueden proceder contra tal patrono radicando una petición para compensación ante la Comisión Industrial, . . . "

". . . . . . . .

"En aquellos casos en que la contención sea entre el patrono y el Administrador, en relación con la cubierta de seguro (status patronal), si el patrono no aceptare la responsabilidad del accidente, el

caso será elevado por el Administrador a la Comisión Industrial, la que decidirá la controversia siguiendo el procedimiento establecido en esta Ley; . . . ''

"En los casos en que el patrono dejare de asegurarse y la contención sea entre el obrero y el patrono, el obrero podrá acudir ante la Comisión Industrial, la que tramitará estos casos con toda urgencia y preferentemente, . . . ''

Estas disposiciones no contienen prohibición alguna que impida a una persona o entidad, que en realidad no es el patrono del obrero que ha acudido a la Comisión, a establecer como defensa y probar afirmativamente que otra persona o entidad es el patrono y que dicho patrono es uno que está asegurado con el Fondo del Seguro. Esto aparentemente lo admite el Administrador del Fondo, pero sostiene, y con él la Comisión, que no autorizándolo expresamente la ley, la Comisión carece de facultad para obligar al patrono asegurado y al Administrador a intervenir en dicha investigación previa. No estamos conformes. Es cierto que en los casos en que surge controversia entre el patrono y el Administrador sobre la cubierta de seguro, al no aceptar el patrono la responsabilidad del accidente, la ley expresamente dispone que la Comisión resolverá la controversia, y que nada dispone la ley en cuanto al procedimiento a seguirse cuando la controversia surge entre el obrero y un patrono. Empero, esto no significa, a nuestro juicio, que la Comisión no pueda también resolver previamente dicha controversia. Nos parece que se ajusta más a un debido procedimiento de ley que tanto el patrono asegurado como el Administrador del Fondo tengan la oportunidad de estar presentes en la vista ante la Comisión Industrial para ser oídos y poder refutar la prueba que en su contra pueda ser presentada por el patrono no asegurado.

Si la Comisión después de oír la prueba resuelve que Juan Declet es un patrono no asegurado el caso continuaría en su contra ante la misma Comisión. Si por el contrario resuelve que el patrono asegurado lo es la Bayamón Truck

Service, Inc., el caso pasaría al Administrador del Fondo para seguir los trámites ordinarios. En esta forma se simplifica todo el procedimiento y se evita que, sin oír a la Bayamón Truck Service, Inc. ni al Administrador del Fondo la Comisión pueda resolver que dicha compañía es el patrono del obrero.

El hecho de que el Administrador no hubiera sido citado con bastante antelación al día fijado para la vista ante la Comisión y que no tuvo tiempo suficiente para investigar los hechos del caso, según alega, no es motivo para negarle autoridad a la Comisión. Se pudo solicitar la suspensión para una fecha posterior. Más dilación se ha causado con la cuestión técnica de procedimiento planteada, que no tiene la importancia que el Administrador del Fondo ha querido darle. No se trata de obtener que la Comisión asuma jurisdicción original en un caso contra un patrono asegurado sino la determinación previa de quién es el verdadero patrono y una vez resuelto esto el caso seguirá sus trámites ordinarios de acuerdo con la ley. La situación no es nueva pues en otros casos la Comisión Industrial ha realizado investigaciones previas exclusivamente con el fin de determinar quién era el patrono del obrero lesionado y hasta lo ha hecho por estipulación sometida por los beneficiarios del obrero y por el Administrador del Fondo. Véase *Soto Martell* v. *Rivera,* 9 Decisiones de la Comisión Industrial, 321, sobre "Status Patronal"; *Montaner* v. *Comisión Industrial,* 57 D.P.R. 272. El hecho de que en estos casos estuviera envuelta la cuestión de si el alegado patrono era un contratista independiente del patrono asegurado no es base para sostener que la Comisión no pueda en el presente caso resolver quién era el verdadero patrono del obrero.

*Debe revocarse la resolución recurrida.*

El Juez Asociado Sr. Snyder no intervino.